Mathews, J.
delivered the opinion of the court. This is a case in which the plaintiff and appellee brought suit against the appellant, for a tract of land, described in the petition.
*514 West’n. Dist’ct.
Sept. 1816
It appears from the statement of facts that both parties claim it, through one Patrick Johnson: the defendant by virtue of a constable’s sale, made in pusuance of an execution, issued, on a judgment, rendered by a justice of the peace against Johnson, at the suit of one Biggs; the plaintiff by a deed of sale, duly executed, whereby the land is conveyed to him by Johnson. The constable’s sale being anterior to the execution of the deed of Johnson to the plaintiff, the only question in the case relates to the validity or invalidity of that sale.
The legality of the judgment and of the execution which issued on it is not questioned, but a violation of law is said to have taken place, in the manner of selling the land, after it was seized by the constable.
We do not find any rule laid down to regulate the conduct of constables, in sales made by them of immoveable property taken in execution. By the 23d section of the act of the legislative council, 1805, ch 29, for dividing the territory of Orleans into counties and to establish courts of inferior jurisdiction therein, an execution, issued by a justice of the peace, could only authorise constables to seize goods and chattels, or the moveable property of the defendant, which the might legally sell after giving nine days notice. *515 This restriction to the seizure of personal alone, in cases within the jurisdiction of a justice of the peace, continued until the year 1810, when, by an act of the territorial legislature, bearing date of the 23d of March, the power to seize slaves and immoveable property, in default of moveable, was given. But the act is entirely silent as to the manner, in which the constable is to proceed, in selling immoveable property. The law authorising the seizure of such kind of property not having pointed out a rule for the conduct of constables, in making sate of it, we are of opinion that such officers ought to be governed, in these proceedings, by the general rules laid down for the conduct of sheriffs, who, in executing the process of higher tribunals, seize in execution the same species of property.—They are required to advertise before the first exposure to sale, if it be real property which is seized, thirty five days: if it be necessary to offer it for sale a second time, it must be advertised thirty days more: when exposed for sale a third time, an additional notice of a fortnight is required by law.
In the case of the constable’s sale under consideration, it appears clearly that these legal requisites and formalities have not been fulfilled. We are therefore, of opinion that the district *516 court was correct, in adjudging a sale, thus illegally and informally made, to be null and void.
Baldwin for the plaintiff, Hennen for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment be affirmed with costs.